**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Matthew v. Kidder, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:23-cv-505-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Min Ouyang, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Matthew B. Kidder ("Plaintiff"), proceeding *pro se*, brings this action against Defendant Min Ouyang, his ex-wife, alleging causes of action for negligence, intentional infliction of emotional distress, and gross negligence stemming from Defendant's alleged kidnapping of the parties' minor child, A.Z.O., to China. *See* (ECF No. 25). Specifically, Plaintiff claims that Defendant abducted the parties' minor child and is currently hiding her in China and preventing Plaintiff from contacting her or participating in her upbringing. *See id*. For relief, Plaintiff requests that the court award Plaintiff pecuniary damages in the amount of $1,707,000.00. *Id*. at 2, 12.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On February 10, 2023, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismiss Plaintiff's action without service of process for lack of jurisdiction. (ECF No. 6). Plaintiff was advised of his right to file specific objections to the Report, *id*. at 16, and twice moved for an extension of time in which to submit his objections, (ECF Nos. 11, 16). The court granted in part both of Plaintiff's motions for additional time, (ECF Nos. 14, 18), allowing Plaintiff a total of fifty-

1

nine (59) days to file any objections.[1] Despite the extensions granted by the court, Plaintiff failed to file any objections within the time permitted. Instead, on April 6, 2023, Plaintiff filed a motion to amend or correct his Complaint pursuant to Federal Rule of Civil Procedure 15. (ECF No. 22). As Defendant had not yet been served with notice of this action, the court entered a text order on June 13, 2023, acknowledging that Plaintiff was permitted to amend his complaint as a matter of course pursuant to Rule 15(a)(1)(A) and that a motion was unnecessary. (ECF No. 24). Accordingly, the court denied Plaintiff's motion to amend as moot and directed the Clerk of Court to re-docket Plaintiff's proposed amended complaint as the Amended Complaint. *Id*.; *see also* (ECF No. 25 (Amended Complaint)). Additionally, the court declined to adopt the magistrate judge's first Report as moot in light of the Amended Complaint, and returned the case to the magistrate judge for consideration thereof. (ECF No. 26).

Now before the court is the magistrate judge's second Report, again recommending the court dismiss Plaintiff's action without service of process for lack of both subject matter and personal jurisdiction. (ECF No. 30). Plaintiff filed objections to the Report (ECF No. 33), and this matter is now ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

---

[1] This calculation includes the additional three days to which Plaintiff is entitled under Federal Rule of Civil Procedure 6(d) for service by mail.

§ 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Furthermore, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally").  Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue."  *Elijah*, 66 F.4th at 460–61.  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

3

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

### *Magistrate Judge's Report and Recommendation*

In her Report, the magistrate judge began by setting forth the procedural history of this case and summarizing the allegations in both the original and amended complaints. (ECF No. 30 at 2–6). After setting forth the applicable law, the magistrate judge considered first whether subject matter jurisdiction exists in this case. *Id*. at 8–14. Although Plaintiff did not expressly invoke federal question jurisdiction in his Amended Complaint, the magistrate considered whether such jurisdiction applied out of an abundance of caution based on Plaintiff's reliance on certain federal criminal statutes in support of his claims. *See id*. at 10; (ECF No. 25 at 11). The magistrate judge concluded that, to the extent Plaintiff's claims are based on federal criminal statutes, they "are frivolous, without merit, and subject to dismissal because none of the cited criminal statutes supports a private cause of action." (ECF No. 30 at 10); *see also id*. at 10–11.

Similarly, the magistrate judge concluded that the Complaint fails to satisfy the requirements of diversity jurisdiction. *Id*. at 13–14. The magistrate judge reasoned that

> [e]ven assuming that Plaintiff's cursory assertions could satisfy the technical requirements of the diversity statute, including the amount in controversy, "the domestic relations exception to the diversity statute would preclude this court from addressing the 'child custody' issues" presented in the Amended Complaint. "The federal courts have long held that diversity jurisdiction does not include the power to determine child custody rights."

*Id*. at 13 (quoting *Godfrey v. All Unknown Persons or Agents*, No. 7:04-cv-0719,20BI, 2004 WL 4961016, at *3 (D.S.C. June 4, 2004), *aff'd*, 109 Fed. App'x 578 (4th Cir. 2004); *Wasserman v. Wasserman*, 671 F.3d 832, 834 (4th Cir. 1982)) (internal citations omitted). Thus, because the

4

magistrate judge found that "'Plaintiff's action contains only issues related to domestic relations,'" *id*. at 14 (quoting *Robinson v. Baxter*, No. 4:11-cv-2044-RBH-SVH, 2011 WL 4502096, at *2 (D.S.C. Aug. 31, 2011), *report & rec. adopted by* 2011 WL 4502083 (D.S.C. Sept. 29, 2011), she concluded that the court lacks subject matter jurisdiction over this action.

Finally, the magistrate judge also considered whether the court could exercise personal jurisdiction over Defendant. *Id*. at 14–16. After setting forth the proper standards, the magistrate judge found that the Amended Complaint "does not contain allegations to plausibly establish that Defendant has had contact of any kind with South Carolina" and, "except for a period of six months in 2016 when the parties lived together in California, all of the relevant events giving rise to Plaintiff's claims occurred in China, where Defendant and the minor child presently reside and have resided since 2016." *Id*. at 15, 16. The magistrate judge concluded, therefore, that "because 'there are no contacts, purposeful availment, or sufficient connection with the State of South Carolina by the Defendant[,] she should be dismissed without prejudice due to a lack of personal jurisdiction.'" *Id*. at 16 (quoting *Juste v. Marie Brennan*, No. 4:16-cv-3757-MGL-TER, 2016 WL 7669500, at *2 (D.S.C. Dec. 19, 2016), *report & rec. adopted by* 2017 WL 86134 (D.S.C. Jan. 10, 2017)). Accordingly, having found that the court lacks both personal and subject matter jurisdiction in this matter, the magistrate judge recommended the case be summarily dismissed. *Id*. at 17.

### *Plaintiff's Objections*

Plaintiff filed multiple objections in response to the magistrate judge's Report. (ECF No. 33). Briefly, Plaintiff objects: (1) to the magistrate judge's characterization of this action as a custody dispute and finding that the domestic relations exception precludes diversity jurisdiction because the only claims asserts are tort claims and Plaintiff does not seek any relief related to the

custody of the minor child; (2) to the magistrate judge's reliance on district and circuit court authority and failure to consider the Supreme Court's opinion in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), with regards to the applicability of the domestic relations exception; (3) to the magistrate judge's inclusion of a summary of the allegations in the original complaint and statement that "[t]he allegations contained in the Amended Complaint are nearly identical to those in the original complaint[;]" (4) that the magistrate judge "seems to completely ignore 17 paragraphs" in the Amended Complaint which Plaintiff asserts support personal jurisdiction over Defendant; (5) that the Report "appears to severely confuse the structure of the [Amended Complaint] and suggest[s] that the Report does not consider the facts" (emphasis omitted); (6) to the magistrate judge's discussion of the applicable law, specifically concerning review of frivolous cases and the legal definition of "frivolous;" (7) to footnote 4 in the Report questioning whether the $1,707,000.00 in alleged damages is sufficiently supported by the allegations to satisfy the amount in controversy requirement for jurisdiction, arguing that "Plaintiff is a Ph.D. Economist who is qualified to testify as an expert witness in assessing economic damages[;]" (8) to the magistrate judge's citation to and discussion of the original complaint which has been "nullif[ied]" by the filing of the Amended Complaint; (9) that the Report fails to discuss relevant factual allegations; and (10) that he was only permitted fifteen (15) days to file his objections, arguing he "generally needs at least 60 days to respond to the Court[.]" *See id*. at 2–6.

Based on the extensive nature of Plaintiff's objections, the court has conducted a thorough, *de novo* review of the record and issues in this matter. *See Elijah*, 66 F.4th at 460. As an initial matter, the court overrules Plaintiffs third, fifth, sixth, seventh, eight, and ninth objections as they are all related to non-dispositive portions of the Report and are irrelevant in light of the court's *de novo* review. Similarly, Plaintiff's tenth objection regarding the time in which to respond to the

Report is overruled as the deadlines for filing objections are established by Federal Rule of Civil Procedure 72.

Turning now to the substantive findings in the Report, the court agrees with the magistrate judge's conclusion that there is no federal question jurisdiction in this case and Plaintiff does not object to this determination. The Amended Complaint does not assert any federal causes of action and, to the extent Plaintiff relies on federal criminal statutes in support of his common law tort claims, such reliance is insufficient to establish federal question jurisdiction. *See* (ECF No. 25). On the other hand, with respect to diversity jurisdiction, Plaintiff's first and second objections argue that the magistrate judge erred in concluding the domestic relations exception bars diversity jurisdiction in this case, (ECF No. 30 at 2–3), and the court agrees. Although the cases on which the magistrate judge relied regarding the domestic relations exception are all good law and represent valid authority regarding the application of the exception in "purely custodial case[s] between private parties," *Doe v. Doe*, 660 F.2d 101, 106 (4th Cir. 1981); *see also* (ECF No. 30 at 13–14), liberally construing Plaintiff's *pro se* pleadings, the court is constrained to agree with Plaintiff that the Supreme Court's holding in *Ankenbrandt* is controlling in this instance.

In *Ankenbrandt*, a mother brought suit, on behalf of her daughters, against the children's father and his girlfriend seeking "monetary damages for alleged sexual and physical abuse of the children[,]" and alleging federal jurisdiction on the basis of diversity. 504 U.S. at 691. The district court dismissed the lawsuit for lack of subject matter jurisdiction, concluding that the case fell within the domestic relations exception, and the Fifth Circuit Court of Appeals affirmed. *Id*. at 692. The Supreme Court granted certiorari to determine whether a domestic relations exception to federal diversity jurisdiction exists and, if so, "does it permit a district court to abstain from exercising diversity jurisdiction over a tort action for damages[.]" *Id*. The Court began by

7

discussing the long history behind the domestic relations exception, beginning with the Court's 1858 opinion in *Barber v. Barber*, 62 U.S. 582 (1858). The Court explained,

> The *Barber* Court thus did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree. . . . Subsequently, this Court expanded the domestic relations exception to include decrees in child custody cases. In a child custody case brought pursuant to a writ of habeas corpus, for instance, the Court held void a writ issued by a Federal District Court to restore a child to the custody of the father. "As to the right to the control and possession of this child, as it is contested by its father and its grandfather, it is one in regard to which neither the Congress of the United States nor any authority of the United States has any special jurisdiction."

*Id*. at 701–02 (quoting *In re Burrus*, 136 U.S. 586, 594 (1890)). The Court concluded, therefore, that the domestic relations exception is a valid exception to diversity jurisdiction and "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id*. at 703. Further, "[b]y concluding . . . that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree, [the Court] necessarily [found] that the Court of Appeals erred by affirming the District Court's invocation of th[e] exception" because "[t]his lawsuit in no way seeks such a decree; rather, it alleges that respondents Richards and Kesler committed torts" against the minor children. *Id*. at 704.

Although the court agrees with the magistrate judge's assessment that Plaintiff's "claims *aris[e]* from a custody dispute between Plaintiff and Defendant over their minor child[,]" (ECF No. 30 at 8 (emphasis added)), the claims themselves are for common law torts, *see* (ECF No. 25 at 10, 12 (asserting causes of action for negligence, intentional infliction of emotional distress, and gross negligence)). Further, the relief Plaintiff seeks is monetary damages, not an order awarding him custody. *Id*. at 12–13. Accordingly, because this case does not "involv[e] the issuance of a divorce, alimony, or child custody decree," the court finds that the domestic relations exception

does not apply to bar subject matter jurisdiction. *Ankenbrandt*, 504 U.S. at 704. As Plaintiff is a United States citizen residing in South Carolina and Defendant is a citizen of China residing in China, there is clearly diversity of citizenship between them. Additionally, for purposes of this order, the court will assume that the Amended Complaint sets forth sufficient allegations to support Plaintiff's claim for over $1.7 million in damages to satisfy the amount in controversy required for diversity jurisdiction.

Having determined that the court has diversity subject matter jurisdiction over this matter, the court now considers whether it may appropriately exercise personal jurisdiction over Defendant. Plaintiff's remaining objection argues the magistrate judge ignored 17 paragraphs in the Amended Complaint in which "Plaintiff made multiple specific allegations that the Defendant utilized network assets in South Carolina," in order to find the court lacks personal jurisdiction over Defendant. (ECF No. 33 at 4). Specifically, Plaintiffs asserts that "[l]ines 48 and 50 detail extremely descriptive cases where the Defendant clearly utilized South Carolina network assets to directly and intentionally cause the Plaintiff great emotional suffering[,]" and lists 15 paragraphs in which he claims to have "implicitly allege[d] the use of South Carolina network assets." *Id*. (citing paragraphs 19, 27, 31, 34, 35, 36, 37, 38, 39, 41, 42, 46, 56, 68, and 69).

As an initial matter, although there appear to be number lines along the sides of the Amended Complaint, they do not align with the actual text of Amended Complaint, nor is there any line listed as "48" or "50." *See* (ECF No. 25). Thus, the court is unable to determine which portion of the Amended Complaint Plaintiff is referring to as "Lines 48 and 50." (ECF No. 33 at 4). Moreover, the only references to South Carolina in the first three pages of the complaint—where Lines 48 and 50 would presumably fall—are in Plaintiff's address and his assertions that "Defendant utilized network assets located in South Carolina in conducting part of her negligent

9

actions that caused harm to the Plaintff[,]" and that his injuries, "that were caused by the Defendant, were sustained in South Carolina[.]" (ECF No. 25 at 1, 2). Furthermore, of the fifteen paragraphs Plaintiff identifies in his objections, only one includes any reference at all to South Carolina. Paragraph 41 states, in its entirety, "Communications between the Defendant and Plaintiff make use of network technology when the Plaintiff has resided in South Carolina." *Id*. at 7. However, this paragraph makes no allegations as to how Defendant specifically targeted South Carolina. The remainder of the paragraphs identified in Plaintiffs objections—paragraphs 19, 27, 31, 34, 35, 36, 37, 38, 39, 42, 46, 56, 68, and 69—make no mention of South Carolina or how Defendant's alleged actions relate to South Carolina at all. Instead, Plaintiff appears to argue, through the minimal references to South Carolina discussed herein, that Defendant's communications with Plaintiff through phone and video calls while he was living in South Carolina are sufficient to give rise to personal jurisdiction over Defendant. However, "[g]enerally speaking, correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the minimum contacts that satisfy due process." *Cape v. von Maur*, 932 F. Supp. 124, 128 (D. Md. 1996) (citing *Leather Masters (PVT) Ltd. v. Giampier Ltd*., 836 F. Supp. 328, 331 (D. Md. 1993); *Coating Eng'rs, Ltd. v. Elec. Motor Repair, Co*., 826 F. Supp. 147, 149 (D. Md. 1993)). Accordingly, the court agrees with the magistrate judge's conclusion that "Plaintiff has not presented facts showing that this Court may properly exercise personal jurisdiction over Defendant." (ECF No. 30 at 16). Therefore, Plaintiff's fourth objection is overruled.

Thus, after a careful and thorough review of the pleadings, the Report, and Plaintiff's objections thereto, the court **ADOPTS in part** the magistrate judge's findings and

recommendations in the Report (ECF No. 30).[2]  Specifically, for the reasons stated herein, the court adopts the Report's finding that the Amended Complaint fails to establish facts which would permit this court to exercise personal jurisdiction over Defendant.  Accordingly, the court **DISMISSES** Defendant for lack of personal jurisdiction.[3]

    **IT IS SO ORDERED.**

                                                                s/Timothy M. Cain
                                                                United States District Judge

July 18, 2023
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] As discussed above, the court **DECLINES to adopt** the magistrate judge's finding that the domestic relations exception precludes the exercise of diversity subject matter jurisdiction in this case.

[3] Plaintiff's pending motion for emergency review (ECF No. 2) is **DENIED as moot**.